Argued December 14, 1955, reversed January 11, 1956

# STATE OF OREGON *v.* RICE
291 P. 2d 1019

*Oscar D. Howlett,* Deputy District Attorney, of Portland, argued the cause for appellant. With him on the brief was William M. Langley, District Attorney, of Portland.

*Leon W. Behrman,* of Portland, argued the cause and filed a brief for respondent.

Before WARNER, Chief Justice, and ROSSMAN, LUSK, LATOURETTE and PERRY, Justices.

PERRY, J.

The defendant was indicted by the grand jury for larceny by embezzlement under ORS 165.005 prior to the statute being amended by chapter 435, Oregon Laws 1955 p. 508.

ORS 165.005, supra, prior to amendment, read as follows:

> "Any officer, agent, clerk, employe or servant or any person, who embezzles or fraudulently converts to his own use, or takes or secretes with intent to embezzle or fraudulently convert to his own use, any money, property or thing belonging wholly or in part to such person, which is property within the meaning of ORS 164.310 and has come into his possession or is under his care by virtue of his em-

ployment, shall be deemed guilty of larceny and shall be punished as provided in ORS 164.310, whether or not he has any interest, divisible or indivisible, in such property. The fact that such officer, agent, clerk, employe or servant has mixed such property with the money, property or thing of another person, shall not constitute a defense in a prosecution under this section.''

The charging indictment is as follows:

"The said Harry Rice between the first day of January, 1953, to and including the 10th day of December, 1954, in the County of Multnomah and State of Oregon, then and there being, and then and there being an officer, agent, servant and employe of a voluntary, unincorporated association, known as the Supercargo and Checkers Local No. 40, the same being a labor organization composed of the following members: [naming each of the members of the association] there did then and there come into his possession and be under his care and control by virtue of his employment as such officer, agent, servant and employe, divers silver coins, paper currency, bank bills and currency bills, money of the United States of America, checks, bills of exchange and other valuable securities, a more particular description of any of which said property being to the grand jury unknown, to the amount and of the value of Six Thousand Nine Hundred Fifty and 04/100 Dollars ($6,950.04), all being the property of the said Supercargo and Checkers Local No. 40, composed of the aforesaid members, the said Harry Rice then and there so having in his possession and under his care by virtue of his employment as aforesaid, as such officer, agent, servant and employe, the said property, did then and there unlawfully, feloniously and wilfully embezzle, take and secrete and fraudulently convert the same to his own use, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.''

A demurrer by the defendant to the indictment upon the ground that a crime was not stated was sustained by the trial court, and the state has appealed.

The defendant's contention before the trial court, as here, is that, since the Supercargo and Checkers Local No. 40 is not a person within the purview of the act, he could not be charged as an officer, agent, clerk, or servant, nor could he be charged with the crime of larceny from the association, because as an association it is not a person capable of owning property; citing and relying upon *State of Oregon v. Monk,* 193 Or 450, 454, 238 P2d 1110, where we said:

"Before one may be indicted under this particular statute, it is essential that he belong to the class of persons amenable to that law. He must either be an 'agent, clerk, employee, or servant' of a natural person, or of a copartnership or an 'officer, agent, clerk, employee, or servant' of a corporation. His status in this respect should be made to appear in the indictment. Also, it is important that the indictment show on its face that the alleged owner of the property involved is a legal entity capable of owning property.

"We quote the following from 29 CJS, Embezzlement, 713, § 31 b (1) and (2):

" 'In General
" '* * * * *

" 'It has been held that, where the owner of the embezzled property is an association, partnership, corporation, or other firm or organization, there must be allegations showing such organization to be a legal entity capable of owning property as such or the individuals comprising the same and owning the property should be set out as owners. * * *

" '(2) Corporation
" '* * * * *

" 'In a prosecution for embezzlement from a

corporation, the indictment or information should allege its incorporation and give its corporate name as fixed by law, although, if the injured corporation be known by one name as well as by another, it may be designated by either in the pleading. * * *'

"The reason given for this rule is that there should be sufficient particularity and certainty in an indictment, in a matter of substance, to enable the defendant to prepare for his defense and to plead his acquittal or conviction successfully, should he be again indicted for the same offense. 27 Am Jur, Indictments, and Informations, 651, § 89."

■ To determine who is a "person" under the act we must look to paragraph (11) of ORS 161.010, which is as follows:

" 'Person' includes corporations as well as natural persons. Where 'person' is used to designate the party whose property may be the subject of a crime, it includes this state, any other state, government or country which may lawfully own any property in this state, and all municipal, public or private corporations, as well as individuals."

And for interpretation of a statute we are instructed by the legislature, ORS 174.110, as follows:

"(1) The singular number may include the plural and the plural number, the singular.

"(2) Words used in the masculine gender may include the feminine and the neuter."

But even without the aid of ORS 174.110, supra, it is clear that paragraph (11) of ORS 161.010, supra, re-offers to "persons" in the plural as well as to a "person" in the singular.

■■ It is elementary that a person may be the agent, clerk, employe, or servant of a number of individuals as well as of one. "* * * the members of

a voluntary association may take and hold jointly as individuals, * * *." 7 CJS 38, Associations § 14.

■■ A member "acquires not a severable right to any of its property or funds, but merely a right to the joint use and enjoyment thereof" which the courts will protect. *Carpenters Union v. Backman,* 160 Or 520, 526, 86 P2d 456. That is, they have a right to sue in regard to matters affecting their interests, which must be brought in the name of all the members. 7 CJS 84, Associations § 35.

■ Thus it must be acknowledged that title and ownership of the property of a voluntary association rests in the individual members, subject only to the right of enjoyment as agreed among themselves. See *Commonwealth v. Auman, et al.,* 13 Pa D&C (1930) 66; *Carpenters Union v. Backman,* supra.

■ While the indictment, literally read, states that the property taken was "the property of the said Supercargo and Checkers Union Local No. 40," it also states that the named individuals are the members, and, in legal effect, the owners of the property. This, we believe, is fully sufficient to protect the interests of the defendant in preparing his defense and "to plead his acquittal or conviction successfully, should he be again indicted for the same offense."

The judgment of the trial court is reversed.